UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN SAMPLE,

        Petitioner,             **DECISION AND ORDER**

  -vs-                      **No. 04-CV-6619 (CJS)**

KENNETH PEARLMAN, Superintendent
Mid-State Correctional Facility,

        Respondent.

_____

**I.   INTRODUCTION**

*Pro se* petitioner John Sample ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28. U.S.C. § 2254 alleging that he is in state custody in violation of his federal constitutional rights. On November 21, 2001, Petitioner entered a plea of guilty in front of the Honorable James P. Punch in New York State, Supreme Court, Erie County to the following: one count of Rape in the Second Degree (Penal Law § 130.35(1)), three counts of Rape in the Third Degree (Penal Law § 130.25(2)) and one count of Incest (Penal Law § 255.25) in full satisfaction of a thirty-four count indictment. Judgment was entered on February 8, 2002.

For the reasons stated below, the petition is denied.

**II.  Factual Background and Procedural History**

Petitioner's charges resulted from the repeated rape and sodomy of his minor daughter from 1998 to 2000, beginning when his

daughter was twelve (12) years old.  The abuse lead to the birth of Petitioner's child by the victim.[1]

On February 23, 2001, the grand jury in Orleans County indicted Petitioner by Indictment Number 01-09 on thirty-four counts including, nine counts of Rape in the First Degree, one count of Rape in the Second Degree, seven counts of Rape in the Third Degree and five counts of Sodomy in the First Degree. Petitioner was arraigned on March 16, 2001 in Orleans County before the Honorable James P. Punch.  On November 21, 2001, Petitioner plead guilty to the following reduced charges:  one count of Rape in the Second Degree, three counts of Rape in the Third Degree, and one count of Incest.  At that time, Petitioner was asked if he understood that by pleading guilty he was forfeiting both his right to a trial by jury and his right to appeal. (P. 6, 12).[2] Petitioner answered in the affirmative to both.  During his plea, Petitioner admitted to having sexual intercourse with the victim in February 1998, December 26, 2000 and January 4, 2001.  (P. 7-9). He also admitted that he believed the victim was twelve (12) years old when the abuse began. (P. 7).

Petitioner was sentenced on February 8, 2002 to imprisonment for two and-one-third to seven years for Rape in the Second Degree,

---

[1] The minor victim's name and related identifying information is withheld from this Decision and Order.

[2] "P" indicates reference to the plea minutes.

one and one-third to four years for each of the three counts of Rape in the Third Degree and one and one-third to four years for Incest, each to run consecutively. (S. 4).[3] The aggregate sentence was seven and one-third to twenty-three years, however, by operation of law the maximum sentence was reduced to twenty years.[4]

In violation of the terms of his plea agreement, Petitioner appealed his conviction on February 15, 2004 to the Appellate Division, Fourth Department alleging (1) ineffective assistance of counsel; (2) the waiver of his right to appeal was invalid; and (3) the sentence was unduly harsh and excessive. The Appellate Division, Fourth Department unanimously affirmed Petitioner's conviction by Order entered on October 2, 2003. People v. Sample, 309 A.D.2d 1312, 765 N.Y.S.2d 311. The Court of Appeals denied further leave to appeal on December 16, 2003. Sample, 1 N.Y.3d 579, 775 N.Y.S.2d 796.

Petitioner brings this petition ("Pet.") for habeas relief alleging (1) that his guilty plea was unlawfully induced by counsel's misrepresentation that if he plead guilty no jail time would be imposed; (2) that he was denied effective assistance of counsel at sentencing; and (3) that his sentence was harsh and excessive. Pet. at ¶ 22A.

---

[3] "S" indicates reference to the sentencing minutes.

[4] Pursuant to Penal Law § 70.30(e)(i), the maximum aggregate sentence for consecutive terms cannot exceed twenty years.

Respondent argues that: (1) Petitioner's claim that his guilty plea was fraudulently induced is unexhausted and patently frivolous; (2) Petitioner's ineffective assistance of counsel claim is meritless; and (3) Petitioner's claim that his sentence was excessive is not cognizable on habeas review and is, in any event, without merit. Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Res. Mem.").

## III. General Principles Applicable to Habeas Review

### A. The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as

determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1); see

-5-

also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that. . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054, 115 S.Ct. 1436 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**C.   The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas

review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the [independent and adequate state law ground] doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law,'" Dunham, 313 F.3d at 729 (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be [,]'" id. (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

**IV. Petitioner's Claims**

**1. Petitioner's guilty plea was unlawfully induced**

Petitioner claims his attorney informed him that if he plead

-7-

guilty he would not be incarcerated, but rather, that he would be placed in a therapy program. Pet. ¶ 22A. Petitioner failed to raise this claim on direct appeal to the Appellate Division, Fourth Department and has not made any other post-conviction motions in connection with this claim.

An application for a writ of habeas corpus by a person in the custody of a state will not issue unless the petitioner has exhausted all state court remedies. 28 U.S.C. § 2254(b)(1)(A). Petitioner's claim that his guilty plea was unlawfully induced has not been exhausted. Petitioner can still raise this claim via a motion to vacate, under New York Criminal Procedure Law ("C.P.L.") § 440.10, to the Orleans County Court in which he was convicted. A § 440.10 motion is properly raised when that claim is "not demonstrable on the main record," such as a claim that the defendant was fraudulently induced into pleading guilty. People v. Reynolds, 309 A.D.2d 976; 766 N.Y.S.2d 142 (3d Dept. 2003). There is nothing in the plea or sentencing minutes that indicates that such an inducement was made. Therefore, this claim is not "demonstrable on the main record" and is thus the proper subject of a § 440.10 motion. C.P.L. § 440.10(1) does not impose a time limit for making a motion to vacate stating that such a motion can be made "at any time after the entry of judgment."

In addition, a petition that contains both exhausted and unexhausted claims should be dismissed so that the state courts

have an opportunity to decide the unexhausted issues.  Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed.2d 379 (1982).  However, once Petitioner has exhausted this claim in state court it might be too late for him to re-file his petition for habeas corpus due to the time restrictions under the AEDPA.[5]  It is necessary for this Court to decide whether to dismiss the entire petition or grant a stay-and-abeyance, keeping in mind that stays are not an automatic right of Petitioner for unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 277 (2005), ("For these reasons, stay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, it is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, [in light of 28 U.S.C. § 2254(b)(2)] even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

Under the AEDPA, an "application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

---

[5] 28 U.S.C. § 2244(d)(1) imposing a one year statue of limitations for bringing a habeas petition as opposed to the former lack of time constraints, wherein petitioner could bring the petition any time after a federal conviction.

state." 28 U.S.C. § 2254(b)(2); accord, e.g., Rhines v. Weber, 544 U.S. 269, 277 (2005). This allows courts to deny habeas petitions that contain unexhausted claims that are deemed patently frivolous. *See* Edkin v. Travis, 969 F. Supp. 139, 140 n. 1 (W.D.N.Y. 1997). Although no uniform standard for reviewing such unexhausted claims has been determined among the district courts, Petitioner's claim lacks merit and would fail regardless of the standard used. See, e.g. Severino v. Phillips, No. 05 Civ. 475(DAB), 2008 WL 4067421, at *14 (S.D.N.Y. Aug. 25, 2008).

Petitioner's has not provide any evidence to support his claim that his guilty plea was fraudulently induced by his attorney's alleged advice that he would not receive jail time. Without such supporting evidence, this claim is baseless. Petitioner must provide "factual support for a claim that improper and prejudicial conduct occurred outside the record." Dorsey v. Bennett, 1999 U.S. Dist. LEXIS 23073, *12-13 (N.D.N.Y. Feb. 23, 1999). Nothing in either the plea or sentencing minutes indicates fraudulent inducement. In fact, in both the plea minutes and the sentencing minutes, the court clearly explains the length of Petitioner's jail term. (P. 4, S. 4). Furthermore, the court asked Petitioner whether he understood that no sentencing promises would be guaranteed if he plead guilty, to which Petitioner answered "Yes." (P. 4-5). Petitioner had the opportunity to speak to the court at his sentencing, and did not indicate his expectation that he would

serve no jail time. (P. 4). Without factual support, Petitioner's claim, therefore, must be denied.

## 2. Ineffective assistance of counsel

Petitioner alleges ineffective assistance of counsel at his sentencing because counsel did not speak on Petitioner's behalf and because counsel did not inform the court of Petitioner's history of physical and substance abuse. Pet. ¶ 22A. Petitioner raised this issue on appeal to the Appellate Division, Fourth Department which denied relief and unanimously affirmed the trial court's decision. Sample, 309 A.D.2d 1312, 765 N.Y.S.2d 311.

To successfully claim ineffective assistance of counsel, Petitioner must meet the two-pronged test laid out in Strickland v. Washington. Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); Bloomer v. United States, 162 F.3d 187, 192 (2d Cir. 1998); Tyson v. Keane, 159 F.3d 732, 736 (2d Cir. 1998), cert. denied, 526 U.S. 1027, 119 S. Ct. 1270, 143 L. Ed.2d 365 (1999).

In determining whether counsel's performance was deficient, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S. Ct. 2052; Bloomer, 162 F.3d at 192. This "includes a consideration of all the circumstances surrounding the attorney's actions." Bloomer, 162 F.3d at 192. Finally, in evaluating

counsel's conduct, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052; Bloomer, 162 F.3d at 193.

"Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable [.]" Strickland, 466 U.S. at 690-91. There is no requirement that trial counsel speak on behalf of his client at sentencing and it may be a strategic move to remain silent. The weight of evidence against Petitioner, including DNA evidence proving almost to a certainty that he is the biological father of his own daughter's child, may have made any last minute attempt at leniency moot in the counsel's view. Counsel also may have been tactically allowing more time for Petitioner to address the court himself for leniency.

In the face of Petitioner's favorable plea deal, such a claim of ineffective assistance of counsel does not have old merit. Initially, Petitioner was indicted on thirty-four counts for the many years of abuse he inflicted on his own daughter. Petitioner's counsel managed to have it reduced to five counts. Petitioner's counsel also represented his client zealously as demonstrated by the many pre-trial motions made on Petitioner's behalf culminating in a favorable plea in satisfaction of all remaining counts in the indictment.

Petitioner specifically points to the fact that his counsel failed to mention alleged mitigating circumstances during sentencing which Petitioner felt would have resulted in a more lenient sentence. These mitigating circumstances include years of substance abuse, that he was physically abused himself as a child, and that he had no prior criminal history. Res. Mem., p.15. Although counsel did not address these issues at sentencing, the sentencing court was aware of these circumstances contained in the Petitioner's pre-sentencing report. There is no evidence that the court did not take these circumstances into consideration in determining Petitioner's sentence. Furthermore, Petitioner did not address these mitigating circumstances when he spoke to the court on his own behalf at sentencing. (S. 3).

In order to make a fair assessment of an attorney's representation it is necessary that "every effort be made to eliminate the distorting effects of hindsight." Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456, 2478 (2005) (quoting Strickland, 466 U.S. at 689); accord, e.g., Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005)). Viewed in its totality, counsel's representation was more than adequate. Therefore, under Strickland Petitioner has not shown that counsel's performance was deficient or that the outcome would have been different had counsel spoke on Petitioner's behalf as claimed by petitioner. Accordingly, Petitioner's ineffective assistance of counsel claim must be denied.

**III. Petitioner's sentence was not unduly harsh and excessive**

Petitioner next argues that his aggregate sentence of seven and one-third to twenty years is unduly harsh and excessive and that his aggregate minimum sentence does not comply with Penal Law § 70.00(3)(b).

It is well settled that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) (The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp 146 (E.D.N.Y. 1988), aff'd mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687, 1996 WL 346669 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in this petition.

Even if Petitioner had alleged a constitutional claim that his sentenced violated the Eighth Amendment, his claim would fail. The Eighth Amendment to the Federal Constitution prohibits cruel and unusual punishment. However, "ordinarily where a sentence is

within the statutory limit, which is itself constitutional, it will not be regarded as cruel and unusual." United States v. ex rel. Bryant v. Fay, 211 F. Supp. 812, 814; 1962 U.S. Dist. LEXIS 3392. In this case, Petitioner's sentence is clearly within the statutory limit and thus no Eighth Amendment violation has occurred and, therefore, Petitioner's claim must be denied.

## V. Conclusion

For the reasons stated above, petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.

Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), this Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in

this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      September 14,2009
            Rochester, New York